1  Robert Barnes (No. 119515)
   robert.barnes@kayescholer.com
2  KAYE SCHOLER LLP
   1999 Avenue of the Stars, Suite 1700
3  Los Angeles, California  90067
   Telephone:   (310) 788-1000
4  Facsimile:   (310) 788-1200

5
   Paul C. Llewellyn
6  paul.llewellyn@kayescholer.com
   Kyle D. Gooch
7  kyle.gooch@kayescholer.com
   KAYE SCHOLER LLP
8  425 Park Avenue
   New York, New York  10022
9  Telephone:   (212) 836-8000
   Facsimile:   (212) 836-8689
10

11 *Attorneys for Plaintiffs The Hershey Company and*
   *Hershey Chocolate & Confectionery Corporation*
12

13 ### IN THE UNITED STATES DISTRICT COURT
   ### FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

15 THE HERSHEY COMPANY and          Case No. CV-14-4028
   HERSHEY CHOCOLATE &
16 CONFECTIONERY CORPORATION,        Complaint for:

17          Plaintiffs,              (1) Trademark Infringement Under
                                         15 U.S.C. § 1114
18      v.
                                     (2) Trademark Infringement and
19 POSH NOSH IMPORTS (USA), INC.,        Unfair Competition Under
                                         15 U.S.C. § 1125(a)
20          Defendant.
                                     (3) Trademark Dilution Under
21                                       15 U.S.C. § 1125(c)

22                                   (4) Trademark Dilution Under
                                         Cal. Bus. & Prof. Code § 14247
23
                                     (5) State Law Unfair Competition
24                                       and Trademark Infringement

   Demand for Jury Trial

1    Plaintiffs  The Hershey Company ("Hershey Company") and Hershey

2   Chocolate & Confectionery Corporation ("Hershey Chocolate") (together,

3   "Hershey"), for their complaint against defendant Posh Nosh Imports (USA), Inc.

4   ("Posh Nosh") for trademark and trade dress infringement,  trademark and trade

5   dress dilution, false designation of origin and unfair competition, plead and allege

6   as follows:

7        1.    Posh Nosh imports candy products that are manufactured outside of

8   the United States, including TOFFEE CRISP candy bars, YORKIE candy bars, and

9   MALTESERS malted milk balls.  By selling these products in the United States,

10   however, Posh Nosh violates trademark rights that are owned or licensed by

11   Hershey.  In particular, the imported TOFFEE CRISP product sold by Posh Nosh

12   closely resembles the well-known  REESE'S® trade dress that is protected by a

13   number of federal trademark registrations:  among other things, both have the same

14   orange background color, and both feature a slanted yellow font with brown

15   outlining.  In addition, the imported YORKIE and MALTESERS products sold by

16   Posh Nosh violate Hershey's rights in the United States in the YORK® and

17   MALTESER® trademarks.  Hershey brings this suit to prevent Posh Nosh from

18   selling these imported products in the United States on the grounds that they are

19   likely to confuse consumers and to dilute Hershey's U.S. trademark rights.

20                **NATURE AND BASIS OF THE ACTION**

21        2.    This action is brought by Hershey against Posh Nosh under the

22   Lanham Act, 15 U.S.C. §§ 1051 *et seq*., and state law, seeking preliminary and

23   permanent injunctive relief, disgorgement of profits, compensatory damages,

24   punitive damages and other relief relating to defendant's importation, distribution

1

.

and sale of products that infringe and dilute certain well-known trademarks owned or licensed by Hershey, namely, the REESE'S® trade dress, the YORK® trademark and the MALTESER® trademark.

3. Hershey is a leading manufacturer of chocolate and confectionery products in the United States and worldwide. For many years, Hershey has manufactured and sold REESE'S candy, YORK confections and MALTESER confections, among other products.

4. As set forth more fully below, Hershey owns or licenses the exclusive rights to use the REESE'S trade dress, the YORK trademark and the MALTESER trademark in connection with various chocolate and confectionery products in the United States. Notwithstanding those exclusive rights, defendant imports into the United States, offers for sale, and sells within the United States TOFFEE CRISP brand confectionery products in a trade dress that infringes and dilutes the famous REESE'S trade dress, YORKIE brand confections that infringe and dilute the famous YORK trademarks, and MALTESERS brand confections that infringe Hershey's MALTESER trademarks, none of which are made or authorized by Hershey.

5. On information and belief, defendant offers its TOFFEE CRISP, YORKIE and MALTESERS products for sale to customers throughout the United States through its two offices, one of which is located in this judicial district. On information and belief, defendant also advertises these products through its website (www.posh-nosh.com) and social media (www.facebook.com/PoshNoshImports).

6. Unless such acts of trademark and trade dress infringement, trademark and trade dress dilution, false designation of origin and unfair competition are

2

.

1   enjoined, Hershey will suffer irreparable injury for which there is no adequate

2   remedy at law.

### PARTIES

4       7.      Hershey Company is a corporation organized and existing under the

laws of the State of Delaware, with its principal place of business at 100 Crystal A

Drive, Hershey, Pennsylvania 17033.  Hershey Company is a major manufacturer

and seller of chocolate, confectionery and snack products.  Hershey Company is the

exclusive United States licensee of the YORK trademark with respect to the

products at issue in this lawsuit.

       8.      Hershey Chocolate is a corporation organized and existing under the

laws of the State of Delaware, with its principal place of business at 4860 Robb

Street, Wheat Ridge, Colorado 80033.  Hershey Chocolate is a wholly owned

subsidiary of Hershey Company and is the owner of the REESE'S trade dress and

the MALTESER trademark.

       9.      On information and belief, defendant Posh Nosh is a corporation

organized and existing under the laws of the State of New Jersey, with a place of

business at 720 Melrose Avenue, Los Angeles, California 90019.  On information

and belief, Posh Nosh is engaged in the business of importing, distributing and

selling a wide range of products, including the infringing candy products at issue in

this lawsuit.

       10.     The Court has subject matter jurisdiction over Hershey's federal-law

claims for trademark and trade dress infringement, trademark and trade dress

dilution, false designation of origin, and unfair competition claims under Section 39

of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338(a) &

3

(b).  The Court has subject matter jurisdiction over Hershey's state-law claims under 28 U.S.C. § 1367 and, because the amount in controversy exceeds $75,000 exclusive of interest and costs and there is complete diversity of citizenship, under 28 U.S.C. § 1332.

11.    The Court has personal jurisdiction over defendant because, upon information and belief, defendant is present and doing business in the State of California and this judicial district either directly or through its agents, and has distributed its infringing products to, and offered its infringing products for sale in, the State of California and this judicial district.

12.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because defendant is subject to personal jurisdiction in this judicial district and because a substantial part of the events giving rise to plaintiffs' claims occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL CLAIMS

**Hershey's Federally Registered and Famous REESE'S Orange Mark and REESE'S Trade Dress**

13.    Among Hershey's most successful product lines is the REESE'S family of candy products, first introduced in 1928.  For more than 40 years, Hershey's REESE'S brand products have been sold throughout the United States in packaging that features a distinctive orange background color and a distinctive combination of orange, yellow and brown.

14.    Hershey Chocolate owns an incontestable, valid, subsisting and existing federal trademark registration (No. 2,256,226) consisting of an "orange-colored background covering the entirety of the packaging for the goods," for

4

"candy and confectionery chips for baking with peanut butter as the characterizing flavor or one of various characterizing flavors" (the "REESE'S Orange Mark"). A copy of the certificate of registration for the REESE'S Orange Mark is attached as **Exhibit A**.

15. Hershey's REESE'S brand candy products have also been widely advertised and sold throughout the United States for many years in packaging that features a unique combination of orange, brown and yellow elements (including the orange background of the REESE'S Orange Mark, with prominent yellow type with dark outlining). These elements are the subject of an incontestable, valid, subsisting and existing federal trademark registration (No. 925,609) owned by Hershey Chocolate for the mark REESE'S MILK CHOCOLATE PEANUT BUTTER CUPS and Design (the "REESE'S Trade Dress"). A copy of the certificate of registration for the REESE'S Trade Dress is attached as **Exhibit B**.

16. The REESE'S family of products includes the famous REESE'S Peanut Butter Cup, REESE'S Peanut Butter Cup Miniatures, REESE'S PIECES candies, REESE'S WHIPPS, REESE'S Crispy Crunchy, REESE'S FAST BREAK, REESE'S Sticks and REESE'S BIG CUP, all of which are examples of how Hershey uses its distinctive REESE'S Orange Mark and its distinctive REESE'S Trade Dress on packages to immediately identify these candy products as part of the REESE'S family of products. Representative images of product packaging embodying the REESE'S Trade Dress and REESE'S Orange mark are attached as **Exhibit C**.

17. Hershey Chocolate also owns a number of valid, subsisting and existing federal trademark registrations for various iterations of packaging for its

.

REESE'S brand line extensions, each of which claims a combination of orange, yellow and brown as a feature of the mark. Copies of the certificates of registration for these designs are attached as **Exhibit D**.

18. The distinctive REESE'S orange background color that comprises the REESE'S Orange Mark is itself an arbitrary design element that is nonfunctional and inherently distinctive. Likewise, the REESE'S Trade Dress constitutes an arbitrary combination of arbitrary design elements, the overall appearance and the elements of which are nonfunctional and inherently distinctive.

19. In addition, for many decades, the REESE'S Orange Mark and the REESE'S Trade Dress have figured prominently in Hershey's promotion of the REESE'S brand. As early as the 1960s, Hershey used print advertising that alerted consumers to "Look for REESE'S Peanut Butter Cups wherever candy is sold, in the familiar orange wrapper" and to "Look for the bright orange pack." Many of Hershey's print ads for the REESE'S family of products are set against a field of the unique REESE'S orange color used in the REESE'S packaging, with orange, brown and yellow elements. Other advertising and promotional materials for REESE'S products also feature the bright REESE'S orange with elements of orange, brown and yellow. Hershey spends millions of dollars for advertising of its REESE'S family of peanut butter products each year.

20. Hershey's REESE'S Peanut Butter Cups is one of the most popular candy bar products in the country, with sales of over $1 billion each year in the United States alone in packaging bearing the REESE'S Orange Mark and the REESE'S Trade Dress. In total, sales of the REESE'S family of products in the United States have exceeded $7 billion in the last five years alone.

.

21.     By virtue of Hershey's substantial sales, marketing and use of the REESE'S Orange Mark and the REESE'S Trade Dress throughout the United States in connection with the REESE'S family of products, the REESE'S Orange Mark and the REESE'S Trade Dress have become famous and well known, have become distinctive of Hershey's products, and have come to identify and indicate the source of Hershey's products to consumers and the trade.  Hershey has developed for itself and its REESE'S Orange Mark, REESE'S Trade Dress and REESE's family of products substantial goodwill and an excellent reputation among actual and potential purchasers and users of its products.

22.     In light of the distinctiveness of the REESE'S Orange Mark and the REESE'S Trade Dress and the duration and extent of Hershey's sales, marketing and use of this mark throughout the United States, the REESE'S Orange Mark and the REESE'S Trade Dress are distinctive and famous among consumers in the State of California and throughout the United States.

**Defendant's Infringement and Dilution of the REESE'S Orange Mark and REESE'S Trade Dress**

23.     Well after Hershey first began using its REESE'S Orange Mark and the REESE'S Trade Dress for its candy products, and after those marks had become famous, defendant commenced selling, in the United States, TOFFEE CRISP brand confectionery products that are manufactured for sale outside of the United States by entities other than Hershey and that are not authorized by Hershey for sale in the United States.

24.     The TOFFEE CRISP products sold by defendants use sold in a package design that is strikingly similar to the REESE'S Orange Mark and

7

REESE'S Trade Dress.

25.     First, the predominant color on the TOFFEE CRISP package is a shade of orange that is identical or nearly identical to the shade of orange that is protected by the REESE'S Orange Mark and that Hershey uses in connection with its REESE'S family of products.

26.     Second, the name TOFFEE CRISP is displayed in an identical or nearly identical shade of yellow as Hershey uses on its REESE'S packaging for the words REESE'S, PIECES, and BIG CUP, among others, and uses a slanted font similar to that of the REESE'S packaging.

27.     Third, the yellow TOFFEE CRISP text is surrounded by dark outlining that is nearly identical to the dark outlining that Hershey uses for yellow type on its REESE'S products.

28.     An image of a TOFFEE CRISP product of the type sold by defendant is set forth below, above an image of Hershey's REESE'S product:



**Example of infringing TOFFEE CRISP products**

**Example of Hershey REESE'S products**

29.     On information and belief, defendant imports its infringing TOFFEE

8

CRISP products into the United States and offers them for sale through, *inter alia*, its sales offices, one of which is located in this judicial district. Defendant also promotes its sale of the infringing TOFFEE CRISP products on its website, www.posh-nosh.com.

30.     The TOFFEE CRISP products that defendant sells in the United States are not manufactured or authorized by Hershey. Defendant has never been authorized by Hershey or its affiliates to use the REESE'S Orange Mark or the REESE'S Trade Dress, or any variants thereof, in connection with candy or any other product.

31.     Given that the trade dress of the TOFFEE CRISP products sold by defendant is extremely similar to Hershey's famous REESE'S Orange Mark and famous REESE'S Trade Dress, and is used for confectionery products, defendant's sale of TOFFEE CRISP products inevitably will cause confusion among consumers as to the origin, source or sponsorship of defendant's TOFFEE CRISP products.

32.     In addition, the TOFFEE CRISP trade dress is likely to dilute the distinctive quality of the REESE'S Orange Mark and the REESE'S Trade Dress by lessening their capacity to identify and distinguish Hershey's products.

33.     Defendant's acts are causing and will continue to cause damage and irreparable harm to Hershey and the valuable reputation and goodwill of its marks with purchasers and consumers.

**Hershey's Exclusive Right to Use the YORK mark**

34.     The distinctive and famous YORK trademark has been used since the 1920s in connection with chocolate and confectionery products. The well-known YORK peppermint patty was introduced in 1940. For the last quarter-century—

9

since 1988—YORK-branded products have been manufactured and distributed in the United States by Hershey Company.

35.   Hershey Company owns an exclusive license (even as to the licensor) to use the famous registered trademark YORK in connection with, *inter alia*, all food and food-related products in the United States.  Hershey Company's licensor, Kraft Foods Ireland Intellectual Property Limited ("Kraft"), owns two incontestable, valid, subsisting and existing United States trademark registrations for the YORK trademark (Nos. 564,557 and 1,644,557).  Copies of the certificates for the foregoing federal registrations for the YORK mark are attached as **Exhibit E**.

36.   The YORK mark has been extensively advertised and used throughout the United States for decades. Hershey Company has spent tens of millions of dollars on advertising for YORK products.  Hershey's sells more than $100 million of YORK products each year in the United States.

37.   Through substantial use, sales and promotion of products bearing the YORK mark by Hershey and its licensor, the YORK mark has become extremely well known and famous for use in connection with YORK confectionery products licensed by Hershey, has become distinctive of these products and has come to identify and indicate the source of these products to consumers and the trade.

38.   In light of the distinctiveness of the YORK mark, as well as the duration and extent of Hershey's sales, marketing and use of the YORK mark throughout the United States, the YORK mark is distinctive and famous among consumers in the State of California and throughout the United States.

39.   Pursuant to the license agreement between Hershey Company and

1  Kraft's predecessor-in-interest, Cadbury Schweppes Inc., Hershey is expressly
2  authorized to file a lawsuit to protect the marks that it licenses from Kraft.

3  **Defendant's Infringement and Dilution of the YORK Mark**

4     40.   Well after Hershey began using the YORK mark in the United States,
5  and after the YORK mark had become famous in the United States, defendant
6  commenced selling in the United States YORKIE brand confectionery products that
7  are manufactured for sale outside of the United States by entities other than
8  Hershey and that are not authorized by Hershey for sale in the United States.

9     41.   On information and belief, defendant imports these infringing products
10  into the United States and offers them for sale through, *inter alia*, its sales offices,
11  one of which is located in this judicial district.  Defendant also promotes its sale of
12  the infringing YORKIE products on its website, www.posh-nosh.com.

13     42.   The YORKIE products that defendant sells in the United States are not
14  manufactured or authorized by Hershey.  Defendant has never been authorized by
15  Hershey or its affiliates to use the YORK mark, or any variant thereof, in
16  connection with candy or any other product.

17     43.   Given that the YORKIE mark used by defendant is extremely similar
18  to Hershey Company's famous YORK mark, and is used for chocolate
19  confectionery products, defendant's sale of YORKIE products inevitably will cause
20  confusion among consumers as to the origin, source or sponsorship of defendant's
21  YORKIE product.

22     44.   In addition, the YORKIE mark is likely to dilute the distinctive quality
23  of the famous YORK mark by lessening its capacity to identify and distinguish
24  Hershey Company's products.

KAYE|SCHOLER LLP

45.     Defendant's acts are causing and will continue to cause damage and irreparable harm to Hershey Company and the valuable reputation and goodwill of its licensed marks with purchasers and consumers.

**Hershey's Exclusive Rights to Use the MALTESER Mark**

46.     Since as early as 1961, Hershey and its predecessors in interest have used the distinctive trademark MALTESER in connection with chocolate-covered malted milk ball candy products.

47.     Hershey owns two incontestable, valid, subsisting and existing United States trademark registrations (Nos. 761,679 and 1,923,905) for the trademark MALTESER in connection with "candy." Copies of the certificates for the foregoing federal registrations are attached as **Exhibit F**.

48.     The MALTESER mark has been used in the United States for more than 52 years in connection with chocolate-covered malted milk ball candy products in the United States.

49.     Through substantial sales, marketing and use of the MALTESER mark in the United States, the MALTESER mark has become distinctive of Hershey's products in the United States, and has come to identify and indicate the source of those products to consumers and the trade.

50.     In light of the distinctiveness of the MALTESER mark, Hershey's sales and use of the mark, and Hershey's federal registrations pertaining to the mark, Hershey owns the exclusive right to use the word MALTESER, or any term substantially similar thereto or derivative thereof, in connection with candy products throughout the United States.

12

**Defendant's Infringement of the MALTESER Mark**

51.     Defendant sells chocolate-covered malted milk ball candy products in the United States under the brand name MALTESERS.

52.     On information and belief, defendant imports these infringing products into the United States and offers them for sale through, *inter alia*, its sales offices, one of which is located in this judicial district.  Defendant also promotes its sale of the MALTESERS products on its website, www.posh-nosh.com.

53.     The MALTESERS products that defendant sells in the United States are not manufactured or authorized by Hershey.  Indeed, defendant has never been authorized by Hershey or its affiliates to use the MALTESER mark, the MALTESERS mark, or any variant thereof, in connection with candy or any other product.

54.     Defendant's MALTESERS mark is merely the plural form of Hershey's registered mark MALTESER, and is used by defendant in connection with an extremely similar product.

55.     Accordingly, defendant's sale of candy under its MALTESERS mark inevitably will cause confusion among consumers as to the origin, source or sponsorship of the products offered by defendant, and cause many potential purchasers to mistakenly believe that the products are the same as those offered by Hershey, or that they are in some way authorized or licensed by the source of the MALTESER brand.

56.     Defendant's acts are causing and will continue to cause damage and irreparable harm to Hershey and the valuable reputation and goodwill of its marks with purchasers and consumers.

13

.

# FIRST CLAIM FOR RELIEF

## Infringement of Federally Registered Marks

## Under Section 32 of the Lanham Act, 15 U.S.C. § 1114

57.    Plaintiffs repeat and reallege paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.    This claim is for the infringement of trademarks registered in the United States Patent and Trademark Office, pursuant to Section 32 of the Lanham Act, 15 U.S.C. § 1114, as amended.

59.    The marks used by defendant, as described above, are confusingly similar to, and are colorable imitations of, the federally registered REESE'S Orange Mark (Reg. No. 2,256,226), the federally registered elements of the REESE'S Trade Dress (Reg. No. 925,609), the federally registered YORK mark (Reg. Nos. 564,557 and 1,644,557), and the federally registered MALTESER mark (Reg. Nos. 761,679 and 1,923,905), and infringe those respective federally registered trademarks.

60.    Defendant's unauthorized use of the aforementioned marks is likely to cause confusion and mistake and to deceive the public as to the approval, sponsorship, license, source or origin of defendant's products.

61.    On information and belief, defendant's acts of trademark infringement have been done willfully and deliberately, and defendant has profited and been unjustly enriched by sales that defendant would not otherwise have made but for its unlawful conduct.

62.    Defendant's willful and deliberate acts described above have caused injury and damages to plaintiffs, and have caused irreparable injury to plaintiffs'

goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### Trademark and Trade Dress Infringement,

### False Designation of Origin and Unfair Competition

### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

63.     Plaintiffs repeat and reallege paragraphs 1 through 56 of this Complaint as if fully set forth herein.

64.     This claim is for trademark and trade dress infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

65.     By its unauthorized use of the marks and trade dress described above, defendant has (i) infringed the REESE'S Orange Mark, the REESE'S Trade Dress, the YORK mark and the MALTESER mark; (ii) falsely designated the origin of its products, and (iii) competed unfairly with plaintiffs, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66.     On information and belief, defendant's acts of trademark infringement, trade dress infringement, false designation of origin, and unfair competition have been done willfully and deliberately and defendant has profited and been unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

67.     Defendant's willful and deliberate acts described above have caused injury and damages to plaintiffs, and have caused irreparable injury to plaintiffs' goodwill and reputation, and, unless enjoined, will cause further irreparable injury,

whereby plaintiffs have no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### Trademark and Trade Dress Dilution

### Under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

68.     Plaintiffs repeat and reallege paragraphs 1 through 56 of this Complaint as if fully set forth herein.

69.     This claim is for the dilution of trademarks and trade dress, pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

70.     The REESE'S Orange Mark, the REESE'S Trade Dress, and the YORK mark are each distinctive and famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and were distinctive and famous prior to the date of defendant's conduct challenged herein.

71.     Defendant's conduct, as described above, is likely to dilute and is diluting the distinctive quality of the famous REESE'S Orange Mark, REESE'S Trade Dress, and YORK mark, in that defendant's challenged marks are likely to create and have created an association between defendant's marks and the famous REESE'S Orange Mark, REESE'S Trade Dress, and YORK mark, which impairs the distinctiveness of those famous marks and lessens the capacity of those famous marks to identify and distinguish products marketed and sold by plaintiffs under those marks.

72.     On information and belief, defendant's acts of trademark dilution have been done willfully and deliberately and defendant has profited and been unjustly enriched by sales that defendant would not otherwise have made but for its unlawful conduct.

73.     Defendant's willful and deliberate acts described above have caused injury and damages to plaintiffs, and have caused irreparable injury to plaintiffs' goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Trademark and Trade Dress Dilution

### Under Cal. Bus. & Prof. Code § 14247

74.     Plaintiffs repeat and reallege paragraphs 1 through 56 of this Complaint as if fully set forth herein.

75.     This claim is for dilution of trademarks and injury to business or reputation under section 14247 of the California Business and Professions Code.

76.     The REESE'S Orange Mark, REESE'S Trade Dress, and YORK mark are famous in the State of California within the meaning of section 14247 of the California Business and Professions Code, and were famous prior to the date of defendants' adoption and use of similar designs on packages and in advertising for their candy products.

77.     Defendants' conduct, as described above, is likely to diminish the public association of the REESE'S Orange Mark, REESE'S Trade Dress, and YORK mark with Hershey.

78.     Defendants' conduct, as described above, is likely to dilute and will dilute the distinctive quality of Hershey's famous REESE'S Orange Mark, REESE'S Trade Dress, and YORK mark by lessening the capacity of those marks to identify and distinguish products marketed and sold by plaintiffs under those marks.

79. On information and belief, defendant's acts of trademark dilution have been done willfully and deliberately and defendant has profited and been unjustly enriched by sales that defendant would not otherwise have made but for its unlawful conduct.

80. Defendants' acts described above have caused injury and damages to Hershey, and have caused irreparable injury to Hershey's goodwill and reputation and, unless enjoined, will cause further irreparable injury, for which Hershey has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Common Law Trademark Infringement and Unfair Competition

81. Plaintiffs repeat and reallege paragraphs 1 through 56 of this Complaint as if fully set forth herein.

82. This claim is for trademark infringement and unfair competition in violation of the common law of the State of California.

83. Defendant's use of its infringing marks and trade dress, as described above, constitutes common law trademark infringement, passing off, and unfair competition in violation of common law.

84. On information and belief, defendant's acts of common law trademark infringement, passing off, and unfair competition have been done willfully and deliberately, and defendant has profited and been unjustly enriched by sales that defendant would not otherwise have made but for its unlawful conduct.

85. Defendant's willful and deliberate acts described above have caused injury and damages to plaintiffs and have caused irreparable injury to plaintiffs' goodwill and reputation, and, unless enjoined, will cause further irreparable injury,

18

1 | whereby plaintiffs have no adequate remedy at law.

2 | **PRAYER FOR RELIEF**

3 | WHEREFORE, Hershey prays that this Court enter judgment against

4 | defendant as follows:

5 | A. Granting preliminary and permanent injunctive relief restraining

6 | defendant, its officers, directors, agents, employees, servants, attorneys, successors,

7 | assigns and others controlling, controlled by or affiliated with defendant and all

8 | those in privity or active concert or participation with any of the foregoing

9 | (including without limitation each importer, distributor or reseller of defendant's

10 | products), and all those who receive actual notice by personal service or otherwise:

11 | i. from using in any media, for any purpose (including, without

12 | limitation, importing, distributing, advertising or selling), (a) the

13 | REESE'S Trade Dress, the REESE'S Orange Mark, the

14 | TOFFEE CRISP trade dress, or any other mark or trade dress

15 | confusingly similar to or dilutive of the REESE'S Trade Dress

16 | or the REESE'S Orange Mark; (b) the YORK mark, the

17 | YORKIE mark, or any other mark confusingly similar to or

18 | dilutive of the YORK mark; or (c) the MALTESER mark, the

19 | MALTESERS mark or any other mark confusingly similar to

20 | the MALTESER mark; except in connection with genuine

21 | REESE'S, YORK or MALTESER products manufactured or

22 | authorized by Hershey for sale in the United States; and

23 | ii. from otherwise competing unfairly with plaintiffs;

24 | B. Ordering that defendant be adjudged to have violated Sections 32,

19

.

43(a), and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(c), to have caused trademark dilution in violation of California Business and Professions Code § 14247, and to have committed acts of common-law trademark infringement and unfair competition;

C.     Ordering an accounting of all gains, profits, savings and advantages realized by defendant from its aforesaid acts of trademark and trade dress infringement, trademark and trade dress dilution, false designation of origin, and unfair competition, and awarding treble profits pursuant to 15 U.S.C. § 1117(a) on the ground that defendant engaged in its wrongful acts with knowledge or bad faith or under other circumstances warranting treble profits;

D.     Awarding such damages as plaintiff shall establish in consequence of defendant's aforesaid acts of trademark and trade dress infringement, trademark and trade dress dilution, false designation of origin, and unfair competition, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate plaintiff for its damages, pursuant to 15 U.S.C. § 1117(a), and California Business and Professions Code §§ 14247 and 14250.

E.     Ordering defendant to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of defendant's acts of trademark infringement and dilution, false designation of origin and unfair competition, the content, nature, form and extent of which is to be approved by plaintiff and this Court;

F.     Ordering defendant to recall from all chains of distribution all goods, product packaging, product displays, promotional materials, advertisements,

commercials, infomercials and other items, the dissemination by defendant of which would violate the injunction herein requested;

G.     Ordering defendant to deliver up for destruction any and all goods, product packaging, product displays, promotional materials, advertisements, commercials and other items in the possession, custody or control of defendant which, if sold, displayed, or used, would violate the injunction herein granted, and to disable all web sites to the extent they contain any content, the display or use of which would violate the injunction herein requested;

H.     Ordering defendant to pay for and cause to be disseminated to each distributor and reseller of defendant's candy products a notice advising said persons of defendant's acts of trademark infringement and dilution, false designation of origin, and unfair competition and advising of the issuance and content of the injunction herein requested;

I.     Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), defendant shall serve upon plaintiff within thirty (30) days after service on defendant of an order granting an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which defendant has complied with the injunction;

J.     Awarding plaintiff its costs and expenses of this action;

K.     Declaring that this is an exceptional case pursuant to 15 U.S.C. § 1117, because of the willful and deliberate nature of defendant's acts of trademark and trade dress infringement, trademark and trade dress dilution, false designation of origin, and unfair competition, and awarding plaintiff its reasonable attorneys' fees;

L.     Awarding plaintiff punitive damages in an amount to be determined by

21

.

the trier of fact for defendants' willful and knowing trademark infringement and unfair competition, pursuant to the common law; and

M.     Granting such other and further relief as this Court may deem just and proper.

Dated: May 27, 2014                    Respectfully submitted,


                                        */s/ Robert Barnes*
                                        Robert Barnes (No. 119515)
                                        robert.barnes@kayescholer.com
                                        KAYE SCHOLER LLP
                                        1999 Avenue of the Stars, Suite 1700
                                        Los Angeles, California  90067
                                        Telephone:   (310) 788-1000
                                        Facsimile:   (310) 788-1200

                                        Paul C. Llewellyn
                                        paul.llewellyn@kayescholer.com
                                        Kyle D. Gooch
                                        kyle.gooch@kayescholer.com
                                        KAYE SCHOLER LLP
                                        425 Park Avenue
                                        New York, New York  10022
                                        Telephone:  (212) 836-8000
                                        Facsimile:   (212) 836-8689

                                        *Attorneys for Plaintiffs The Hershey Company and Hershey Chocolate & Confectionery Corporation*

.

**JURY DEMAND**

Pursuant to the Seventh Amendment of the United States Constitution, plaintiffs The Hershey Company and Hershey Chocolate & Confectionery Corporation demand that their claims be tried to a jury.

Dated:  May 27, 2014

                                       */s/ Robert Barnes*

                                       Robert Barnes (No. 119515)
robert.barnes@kayescholer.com
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067
Telephone:   (310) 788-1000
Facsimile:    (310) 788-1200

Paul C. Llewellyn
paul.llewellyn@kayescholer.com
Kyle D. Gooch
kyle.gooch@kayescholer.com
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
Telephone:   (212) 836-8000
Facsimile:    (212) 836-8689

*Attorneys for Plaintiffs The Hershey Company and Hershey Chocolate & Confectionery Corporation*